UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joel Mejia Euceda,<br><br>                                   Plaintiff,<br>     -v-<br><br>Plandome Group, LLC,<br>d/b/a Umberto's,<br><br>                                   Defendant. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Joel Mejia Euceda ("Plaintiff" or "Euceda"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendant Plandome Group, LLC, d/b/a Umberto's ("Defendant" or "Plandome"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains that he was employed by Defendant and pursuant to the New York Labor Law ("NYLL") that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, (ii) entitled to an extra hour of pay for each day he worked a spread of hours of more than ten (10) hours and (iii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of

the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Joel Mejia Euceda ("Plaintiff" or "Euceda") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief and all times relevant herein, Defendant Plandome Group, LLC ("PG LLC") was a New York for-profit Limited Liability Company.

9. Upon information and belief and at all times relevant herein, Defendant controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

10. Upon information and belief, Defendant PG LLC, owned and operated several places of business including at 633 Jericho Turnpike, New Hyde Park, NY 11040, where Plaintiff was

2

employed.

11. At all times relevant herein, Plaintiff was employed by Defendant.

## STATEMENT OF FACTS

12. Upon information and belief, and at all relevant times herein, Defendant was in the business of food and restaurant business. See https://www.umbertosfamily.com/

13. Upon information and belief, and at all relevant times herein, Defendant owned and/or operated several locations and employed approximately more than 100 employees.

14. Plaintiff was employed by Defendant from in or around October 2005 to on or about October 2, 2020.

15. At all times relevant herein, Plaintiff was employed by Defendant as a cook performing manual and physical food preparation duties within this capacity.

16. At all times relevant herein, Plaintiff was paid at a rate of about $12.50 - $32.50 an hour at separate times during his employment with Defendant.

17. At all times relevant herein, Plaintiff was not paid *any* wages for his overtime hours (hours over 40 in a week) worked, for each week during his employment with Defendant.

18. At all times relevant herein, Plaintiff worked about 72 hours each week for Defendant and sometimes more; 12 or more hours a day, 6 days a week but Plaintiff was not paid any wages for his overtime hours worked in each week; Defendant only paid Plaintiff for 40 hours worked each week. For example, for the weekly pay period ending in or around late September, 2020 (Check dated 09/23/2020), Plaintiff worked at least 72 hours and was paid at a rate of $32.50 for 40 hours worked and did not receive any wages including non-overtime and overtime wages for the remaining 32 overtime hours worked. This example is reflective of Defendant's payment pattern throughout Plaintiff's employment with them.

19. At all times relevant herein, Plaintiff worked a spread of hours of more than 10 hours a day each day during his employment with Defendant.

20. A more precise statement of the hours and wages may be made when Plaintiff Mejia Euceda obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

21. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week.

22. At all times relevant herein, neither Defendant provided Plaintiff with the notice(s) required by NYLL 195(1).

23. At all times relevant herein, neither Defendant provided Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not contain all hours worked by Plaintiff nor all wages earned among any deficiencies.

24. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendant's business volume and revenues as well as business operations and commerce that Defendant was required to keep and maintain under the FLSA including under 29 CFR 516.

25. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

26. At all times applicable herein and upon information and belief, Defendant conducted business in interstate commerce involving the purchase of restaurant equipment and essential supplies for its business.

27. Defendant as a regular part of its business, makes payment of taxes and other monies to

agencies and entities outside the State of New York.

28. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

29. At all times applicable herein and upon information and belief, Defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

30. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

31. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

32. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. As such, equitable tolling applies in this case. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

33. "Plaintiff" as used in this complaint refers to the named Plaintiff.

34. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. - Unpaid Overtime

35. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if set forth fully and at length herein.

36. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 USC 201 et Seq.

37. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

38. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

39. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

40. Due to Defendant's FLSA violations, plaintiff is entitled to recover from Defendant his unpaid overtime compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq.  and 12 NYCRR 142, 146 etc. (Unpaid Overtime + SOH)

41. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

42. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142, 146.

43. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12

NYCRR § 142-2.2 and 12 NYCRR § 146-1.4.

44. At all times relevant herein, Plaintiff worked a spread of hours of more than ten (10) hours about 1 day each week during the period of his employment with Defendant but Defendant failed to pay Plaintiff an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor law § 650 et seq., including 12 NYCRR § 142-2.4 and 12 NYCRR § 146-1.6.

## **Relief Demanded**

45. Due to Defendant's NYLL overtime violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime compensation, spread of hours wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

## **AS AND FOR A THIRD CAUSE OF ACTION**
## **NYLL § 190, 191, 193, 195 and 198**

46. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 45 above with the same force and effect as if fully set forth at length herein.

47. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

48. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff his unpaid overtime wages, non-overtime wages and spread of hours wages as laid out above, Plaintiff was entitled to within the time required by NYLL §§ 191, 193 and 198.

49. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to

7

comply with NYLL 195(1).

50. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## Relief Demanded

51. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant his entire unpaid wages, including his unpaid overtime, non-overtime wages, spread of hours wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

57. Declare Defendant to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

58. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

59. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime and spread of hours compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, 146-1.4, 146-1.6, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

60. As to the **Third Cause of Action**, award Plaintiff, his unpaid wages including his entire unpaid wages, including his unpaid overtime wages, (FLSA and NYMWA), and non-overtime wages, spread of hour wages, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

61. Award Plaintiff prejudgment interest on all monies due;

62. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

63. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
         **October 30, 2020**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF