DocuSign Envelope ID: A63FAD2A-7AD4-4479-A942-88D7198CD72B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Joel Mejia Euceda;

                                       Plaintiff,          20-Civ-05249 (MKB)(SJB)

      -against-

Plandome Group, LLC d/b/a Umberto's.

                                       Defendant.
-------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ( "Agreement") is entered into by and between Plaintiff Joel Mejia Euceda ("Plaintiff"), on one side, and Plandome Group, LLC d/b/a/ Umberto's ("Defendant"). Plaintiff and Defendant are collectively referred to in this Agreement as the "Parties."

**WHEREAS**, on October 30, 2020 Plaintiff commenced an action against Defendant by filing a complaint (the "Complaint") in the United States District Court, Eastern District of New York (the "Court"), Docket No. 1:20–cv–05249 (the "Action"), asserting the following claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") and their implementing regulations: unpaid overtime wage claims under the FLSA and NYLL; spread-of-hours pay under the NYLL; unlawful wage deductions under the NYLL; notice and recordkeeping violations under the NYLL; liquidated damages; penalties; attorneys' fees; pre and post-judgment interest; and violations of the NYLL's Wage Theft Prevention Act (collectively, the "Claims");

**WHEREAS**, Defendant denies all material allegations asserted by Plaintiff in his Complaint, denies that Plaintiff is entitled to recover damages for any Claim asserted in the Complaint, and has denied and continues to deny that it has violated any law, rule, or regulation, or committed any wrong whatsoever against Plaintiff, and states that at all times it paid Plaintiff all wages due;

**WHEREAS**, the Parties have exchanged extensive information related to the Claims in this Action, such as payroll records, such that they have adequate information to assess the appropriateness of this Agreement;

**WHEREAS**, the Parties, with counsel, engaged in extensive arm's-length settlement negotiations regarding the settlement of the Action, including, without limitation, participating in a remote mediation on March 19, 2021 with Raymond Nardo Esq., selected from the Eastern District of New York mediator panel;

1

**WHEREAS,** the purpose of this Agreement is to dismiss, with prejudice, the Action and to settle fully and finally, and forever compromise and discharge all Released Claims (as defined below) that Plaintiff have or may have against Defendant;

**WHEREAS,** the Parties expressly acknowledge that nothing in this Agreement, nor the fact of the Agreement itself, shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing of any kind by Defendant;

**WHEREAS,** the Parties have analyzed and evaluated the merits of the claims made against Defendant and the defenses raised by Defendant in the Action, and based upon that analysis and evaluation, and recognizing the substantial risks and expense of continued litigation, the Parties are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interest of all Parties;

**NOW, THEREFORE,** with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises contained in this Agreement and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state, and/or local law:

**1.     SETTLEMENT PAYMENT, DISTRIBUTION, AND PAYOUT**

   **a.**     Settlement Amount. In full and final settlement of the Action, and in consideration for the release contained in Paragraph "2" of this Agreement, Defendant agrees to pay Plaintiff and his counsel a total gross sum of Thirty-Five Thousand Dollars and Zero cents ($35,000.00) (the "Negotiated Settlement Payment") for purposes of settling this Action. Payment of the Negotiated Settlement Payment is contingent upon the Court approving this Agreement.

   **b.**     Attorneys' Fees and Costs. Plaintiff acknowledge that the attorneys' fees and costs allocated in this Agreement are fair and reasonable in accordance with the Retainer Agreement executed by the Plaintiff in this case. Defendants take no position with respect to the Attorneys' Fees and Costs, including, without limitation, whether the Attorneys' Fees and Costs are accurate.

   **c.**     Plaintiff will receive two checks as follows: (i) a check in the amount of Eleven Thousand, Two Hundred, Ninety-Seven Dollars and Zero Cents ($11,297), less applicable taxes and withholdings to be reported on an IRS Form W-2 to account for back wages; (ii) a check in the amount of Eleven Thousand, Two Hundred, Ninety-Eight Dollars and Zero Cents ($11,298), representing liquidated and other damages, to be reported on and IRS Form 1099-MISC (Box 3). Each of these two checks shall be made payable to "Joel Mejia Euceda."

   **d.**     Payments to Plaintiff' Counsel. Defendant shall pay Plaintiff' counsel the balance of the negotiated Settlement Amount, Twelve Thousand Four Hundred, Five Dollars and Zero Cents ($12,405), representing a 1/3 contingency fee ($11,297) plus costs ($1,108), to be reported on an IRS Form 1099-MISC (Box 10), by check payable to "Abdul Hassan Law Group, PLLC".

   **e.**     Taxes. For purposes of tax withholding, as set forth in Section 1(b) above, Defendant shall deduct all appropriate and necessary taxes from the aforementioned wage

DocuSign Envelope ID: A63FAD2A-7AD4-4479-A942-88D7198CD72B

payments and shall pay, separately from the Negotiated Settlement Payment, the applicable employer's portion of the taxes due. Plaintiff shall be responsible for his own share of all taxes, interest, or penalties, if any, due as a result of the portion of the Negotiated Settlement Payment he receives as payment under this Agreement. Defendant shall provide Plaintiff with all appropriate tax withholding statements, as required by law. Notwithstanding the foregoing, Plaintiff is not relying on any information provided by Defendant, its employees, or its attorneys concerning the tax consequences of payments made under this Agreement.

   **f.**  Delivery of Checks. All checks specified above shall be delivered to: Abdul K. Hassan Law Group, PLLC, 215-28 Hillside Avenue, Queens Village, NY 11427 by overnight delivery within thirty (30) days of the Court approval of the Settlement Agreement.

   **g.**  No Other Payments Due. Except as specifically provided in this Agreement, Plaintiff agrees that he is not entitled to any other payments for salary, benefits, wages, bonuses, allowances, compensatory time, severance pay, notice pay, vacations or holidays, accrued leave, paid leave, or any other form or kind of payment or compensation from Defendant for any work he performed for Defendant during the relevant time period as defined in the Complaint to the date the Parties execute this Agreement.

**2.**  **Release of Wage and Hour Claims by Plaintiff**

   In consideration of the promises and actions of Defendant set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for Defendant' obligations under this Agreement, Plaintiff hereby waives, releases, satisfies, and discharges, on his own behalf and on behalf of anyone who could claim by and through him, Defendant, as well as Casa Corteo Inc., Tony's Tacos and Tequila LLC, Umberto Corteo, Ida Corteo, Vincenzo Corteo, Carlo Corteo, Anthony Lopez, Mike Scotto, Anthony Branchelli, Louis Branchelli, and including their owners, officers, directors, shareholders, members, agents, attorneys, insurers, representatives, successors, and assigns ("Released Parties"), of and from any and all claims for damages, salaries, wages, wage supplements, compensation, statutory damages, unlawful deductions, overtime compensation, minimum wages, unpaid wages, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, statutory, and other damages, interest, attorneys' fees, and costs, for the Claims and any other claim brought, or that could have been brought, relating to or arising from his work performed for Defendant or any of the Released Parties or the facts that gave rise to the Action, under the FLSA, the NYLL, the WTPA, and/or any local, state, or federal wage statute, code, or ordinance including, but not limited to, the New York State Hospitality Wage Order, 12 N.Y.C.R.R. Part 146. Nothing contained in this release shall operate to prevent Plaintiff from providing truthful information to a governmental agency. However, Plaintiff shall neither seek nor be entitled to recovery of any additional damages, monetary or otherwise, as a result of any charges or proceedings against any Defendant for any claims that are the subject matters of the waivers and releases set forth herein. Furthermore, this Agreement shall be deemed a full accord, satisfaction, and settlement of the claims settled, released, and waived herein, and shall constitute a sufficient basis for immediate dismissal of such claims by Plaintiff against Defendant except to the extent that Plaintiff seek enforcement of the terms of this Agreement. It is understood and agreed that excluded from this Release are the claims asserted in the pending suit captioned *Dora Acosta Manzanares v. Tony's Tacos and Tequila LLC* et al., Supreme Court, Nassau County, Index No. 615181/2020. In

DocuSign Envelope ID: A63FAD2A-7AD4-4479-A942-88D7198CD72B

addition, this release is not intended to include any claim by Plaintiff that he made a capital contribution to, or investment in (financial and/or non-financial), Tony's Taco and Tequila LLC or is entitled to damages as a non-employee of such entity. Plaintiff understands, however, that this exclusion in no way limits the full release, as set forth in detail above, of any and all wage and hour claims against Tony's Tacos and the other Released Parties.

**3.     Approval, Retention of Jurisdiction, and Dismissal**

  **a.**     Approval of Settlement Agreement. The Parties, through counsel, shall present a fully-executed copy of this Agreement, along with the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), which is annexed as Exhibit A, to the Court for review and approval. Counsel for the Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the Order.

  **b.**     Retention of Jurisdiction. The Court shall retain jurisdiction over the Action to enforce the terms of this Agreement.

**4.     Non-Admission of Liability**

The Parties recognize and agree that Defendant, as a part of this Agreement, does not admit any violation of law or any liability to Plaintiff or to anyone else as a result of or arising out of the matters set forth in the Complaint in the Action or that could have been raised in the Action, Plaintiff's employment relationship with Defendant or any of the Released Parties, Plaintiff's separation of employment with Defendant, and/or otherwise.

**5.     Attorneys' Fees and Costs**

The Parties agree that, except as otherwise specifically set forth in this Agreement, each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Action.

**6.     Applicable Law; Forum Selection**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York without reference to its conflicts or choice of laws principles. The Parties consent to the jurisdiction of the Court (*i.e.*, the United States District Court, Eastern District of New York) for any litigation concerning or arising out of the terms of this Agreement or the Parties' performance of its terms. The Parties agree to request that the Court retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Agreement. If the Court lacks or declines to exercise jurisdiction over any such litigation, the Parties consent to the jurisdiction of the courts of the State of New York in accordance with the applicable provisions of the New York Civil Practice Law and Rules..

**7.     Execution in Counterparts; Facsimile Signatures; Force and Effect**

This Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this

Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

**8.     Plaintiff' Representations**

Plaintiff represents and warrants that they he has entered into this Agreement on his own free will and accord, not subject to coercion or undue influence. Plaintiff further warrants that he is satisfied with the legal representation and services received from his attorneys, Abdul Hassan Law Group PLLC, and believes that the Negotiated Settlement Payment and the Allocations, as set forth above, represent a fair and reasonable compromise of the disputes in the Action.

Other than the Action, which Plaintiff has agreed to dismiss subject to receipt of the Negotiated Settlement Payment, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against any of the Released Parties, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for the Parties to enter into this Agreement.

**9.     Entire Agreement**

Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter set forth in this Agreement.

**10.    Non-Waiver/No Modification**

This Agreement cannot be modified or changed except by a writing signed by the Parties with specific reference to this Agreement. No delay or omission by any Party in exercising any right(s) under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party who is claimed to have waived a provision.

**11.    Interpretation**

    **a.**    <u>Severability</u>. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the fullest extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement.

    **b.**    <u>Captions and Headings</u>. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

DocuSign Envelope ID: A63FAD2A-7AD4-4479-A942-88D7198CD72B

## 12. Notices

Any provision of this Agreement that calls for notice to be sent to Plaintiff or Defendant shall be sent via email, facsimile, messenger, overnight mail, or first-class mail, and shall be directed as follows, or to any other address designated in writing:

If to Plaintiff:

Abdul K. Hassan, Esq.
Abdul Hassan Law Group, PLLC
215-28 Hillside Ave.
Queens Village, New York 11427
abdul@abdulhassan.com

If to Defendant:

Anthony Lopez
Plandome Group LLC d/b/a Umberto's
633 Jericho Turnpike
New Hyde Park, New York 11040

With a copy to:

Hillary Raimondi, Esq.
Traub Lieberman Straus & Shrewsberry LLP
7 Skyline Drive
Hawthorne, NY 10532
Fax: (212) 434-0105
hraimondi@tlsslaw.com
ajaffery@tlsslaw.com

All notices, requests, consents, and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by facsimile transmission and/or email, at the time it was sent, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

## 13. Signatures in Counterparts

This Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as the original signatures.

## 14. Plaintiff understands, represents, and agrees that he:

**a. has carefully reviewed all terms of this Agreement with his attorneys in this Action, in his native language;**

**b. is, through this Agreement, releasing Defendant and Released Parties from any and all wage-and-hour claims, including the Claims, that Plaintiff may have against them**

relating to his employment with Defendant or Released Parties or his separation from employment with them;

      c.    knowingly and voluntarily agrees that upon receipt of the Settlement Payment, he has received all wages and wage supplements due from Released Parties;

      d.    knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

      e.    knowingly and voluntarily intends to be legally bound by this Agreement;

      f.    was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and

      g.    is duly authorized and has full authority to execute this Agreement.

**Plaintiff:**

*(DocuSigned by: Joel A Mejia)*
Joel Mejia Eusebio

Dated: 6/9/2021

**Defendant:**
Plandome Group, LLC

By: *(signature)* JD ACOMBO
Title: MEMBER
Dated: 6/10/21

DocuSign Envelope ID: A63FAD2A-7AD4-4479-A942-88D7198CD72B

# EXHIBIT A

DocuSign Envelope ID: A63FAD2A-7AD4-4479-A942-88D7198CD72B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Joel Mejia Euceda,

                                 Plaintiff,          20-Civ-05249 (MKB)(SJB)

      -against-

Plandome Group, LLC d/b/a Umberto's.

                                 Defendant.
------------------------------------------------------------X

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on October 30, 2020, Plaintiff filed a Complaint, which asserts claims for, *inter alia,* failure to pay overtime wages, and seeks compensatory, liquidated and statutory damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and/or the New York Labor Law;

**WHEREAS,** the parties reached a settlement of this action and Plaintiff's claims through arms-length negotiations and have entered into a Settlement Agreement and Release (the "Agreement"), formally memorializing the parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia,* a bona fide dispute over a provision or provisions of the FLSA, the New York Labor Law, and/or time worked; and

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

DocuSign Envelope ID: A63FAD2A-7AD4-4479-A942-88D7198CD72B

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, without fees or costs to either party. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated:   Queens Village, New York
　　　　　　　　　　　　, 2020

**ABDUL HASSAN LAW GROUP PLLC**
*Attorneys for Plaintiff*

By:_____
　　Abdul K. Hassan, Esq.
　　215-28 Hillside Avenue
　　Queens Village, NY 11427
　　Tel.: (718) 740-1000
　　abdul@abdulhassan.com

Dated:   Hawthorne, New York
　　　　　　　　　　　　, 2020

**TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP**
*Attorneys for Defendant*

By:_____
　　Hillary Raimondi, Esq.
　　7 Skyline Drive
　　Hawthorne, NY 10532
　　Tel.: (914) 386–7061
　　hraimondi@tlsslaw.com

SO ORDERED.

_____
Hon. Sanket J. Bulsara, United States Magistrate Judge